USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/23/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                     :
GOTHAM DIVERSIFIED NEUTRAL MASTER :
FUND, LP, et al.,                                   :
                                  Plaintiffs,   :       18 Civ. 9927 (LGS)
                                                     :       18 Civ. 9928 (LGS)
            -against-                 :
                                                      :       **OPINION AND ORDER**
CHICAGO BRIDGE & IRON COMPANY N.V., :
et al.,                                                          :
                                       Defendants. :
------------------------------------------------------------ X
APPALOOSA INVESTMENT L.P.I., et al.,      :
                                                          :
                                           Plaintiffs,   :
                                                          :
            -against-                 :
                                                          :
CHICAGO BRIDGE & IRON COMPANY N.V., :
et al.,                                                          :
                                       Defendants. :
                                                         :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Plaintiffs Gotham Diversified Neutral Master Fund, LP and Appaloosa Investment L.P.I., et al., bring this action against Defendants Chicago Bridge & Iron Company N.V. ("CBI"), Philip K. Asherman, Ronald A. Ballschmiede and Westley S. Stockton (collectively, the "Individual Defendants"), alleging violations of §§ 18, 10(b) and 20(a) of the Securities Exchange Act of 1934 and common law fraud. Defendants move to dismiss the § 18 and common law fraud claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied in part and granted in part.

## I. BACKGROUND

The following facts are taken from the Complaint, and are accepted as true for purposes of this motion. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016).

Defendant CBI is a global engineering, procurement and construction company headquartered in the Hague, Netherlands. At all relevant times, Defendant Asherman was CBI's Chief Executive Officer, Defendant Ballschmiede was CBI's CFO and Executive Vice President and Defendant Stockton was its Chief Accounting Officer. Plaintiffs are investment funds that purchased CBI common stock prior to January 29, 2015.

In July 2012, CBI agreed to purchase the Shaw Group for approximately $3.3 billion, funded in part with $1.9 billion in debt financing. This sale closed in February 2013. Shaw's subsidiary, Stone & Webster, had contracts to build and fabricate the nuclear power plants in Georgia (the "Vogtle Plant") and South Carolina (the "V.C. Summer Plant") (collectively, the "Nuclear Projects"). Both plants were to include AP1000 nuclear reactors developed by Westinghouse Electric Company ("Westinghouse"). These contracts (the "EPC Agreements") provided that Stone & Webster would receive a fixed price for its services. Stone & Webster was entitled to a change order, resulting in additional compensation, above the contract price, only in specified circumstances.

Shaw was incapable of meeting the demands of nuclear construction because its main fabrication facility at Lake Charles, Louisiana experienced numerous stop work orders. Because of problems at the Lake Charles facility, CBI could not track and ship construction materials properly, leading to cost increases and delays at the Nuclear Projects. Under the fixed-price EPC Agreements, CBI bore the risk of delays and other construction problems.

CBI allegedly made material misstatements and omissions about the Nuclear Projects' repeated delays, cost overruns, resulting deterioration in profitability and GAAP compliance in its public filings with the SEC, including its 2013 Third Quarter Report, 2013 Annual Report, 2014 First Quarter Report, 2014 Second Quarter Report, and 2014 Third Quarter Report and related press releases and earnings calls.  Plaintiffs' investment team read, reviewed and relied on these filings and continued to purchase CBI common stock through January 29, 2015.

On October 27, 2015, CBI announced it would take a $1 billion loss on the sale of its Stone & Webster unit to Westinghouse in exchange for a release of liabilities for delays plaguing the Nuclear Projects.  On April 28, 2016, Westinghouse delivered its post-closing accounting true-up to CBI and claimed that CBI owed Westinghouse $2.1 billion in disputed liabilities, noting that CBI's accounting for liability it faced for the Nuclear Projects "was not recorded in accordance with GAAP" and that CBI "should have recorded a reverse liability of hundreds of millions of dollars for losses."  On July 21, 2016, in response to Westinghouse's demand for $2.1 billion, CBI filed a complaint in the Delaware Chancery Court barring Westinghouse from making a claim for the $2.1 billion.  In this lawsuit, CBI admitted that, as early as February 2015, CBI had begun negotiating a "quitclaim deal" that would relieve it from the liabilities associated with the Nuclear Projects.  In June 2017, the Supreme Court of Delaware reversed the Court of Chancery and concluded that Westinghouse had waived its claim against CBI under the sale agreement.  On March 31, 2017, Westinghouse filed for Chapter 11 bankruptcy as a result of the Nuclear Projects' liabilities.

On March 2, 2017, purchasers of CBI stock commenced a putative class action against Defendants, alleging violations of §§ 10(b) and 20(a) of the Exchange Act.  Defendants moved to dismiss, and on May 24, 2019, this Court denied Defendants' motion.  *See In re Chicago*

*Bridge & Iron Co. N.V. Sec. Litig.*, No. 17 Civ. 1580, 2018 WL 2382600, at *3 (S.D.N.Y. May 24, 2018).

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015)).

## III. DISCUSSION

### A. Section 18 Claim

#### 1. *American Pipe* Tolling

The § 18 claim is untimely. The Complaint alleges that the § 18 claim is not time-barred because the timely filing of the putative class action against Defendants on March 2, 2017, tolled the two-year statute of limitations applicable to those claims.

Section 18 provides that any person who purchases a security, in reliance upon "false or misleading" statements contained in "any application, report or document" filed with the SEC pursuant to the Exchange Act, may sue any person who made that statement or "caused [it] to be

made." 15 U.S.C. § 78r(a).  Claims under § 18(a) "may be brought not later than the earlier of -- (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. § 1658(b); *see Dekalb Cty. Pension Fund v. Transocean Ltd*., 817 F.3d 393, 405 (2d Cir. 2016), *as amended* (Apr. 29, 2016) (applying § 1658(b) to § 18(a)).

Under *American Pipe & Construction Co. v. Utah*, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. 538, 554 (1974); *accord Dekalb Cty. Pension Fund*, 817 F.3d at 414.  To qualify for such tolling, a later individual action must challenge the same conduct as the class action, such that the class action is "sufficient to alert the defendants sued there to preserve the evidence regarding that conduct" and "the relevant evidence, memories, and witnesses . . . are the same for both actions." *Cullen v. Margiotta*, 811 F.2d 698, 720–21 (2d Cir. 1987), *overruled on other grounds by Agency Holding Corp. v. Malley-Duff & Assocs.*, Inc., 483 U.S. 143 (1987); *accord Behrens v. JPMorgan Chase Bank N.A.*, No. 16 Civ. 5508, 2019 WL 1437019, at *8 (S.D.N.Y. Mar. 31, 2019).  "The class action must give the defendant fair notice not only of the substantive claims being brought . . . but also of the number and generic identities of the potential plaintiffs." *Behrens*, 2019 WL 1437019, at *8 n.8 (quoting *Am. Pipe*, 414 U.S. at 554-55) (internal quotation marks omitted).

The legal standards for proving § 18 and § 10(b) claims are sufficiently distinct that the § 18 claims here do not qualify for tolling.  *See Decker v. Massey–Ferguson, Ltd.*, 534 F. Supp. 873, 883 (S.D.N.Y. 1981), *aff'd in part, rev'd in part on other grounds*, 681 F.2d 1111 (2d Cir. 1982) ("As the Second Circuit made clear. . ., the legal standards for bringing an action under § 18 are significantly different from those for 10(b), and the original complaint cannot be regarded

5

as having somehow put defendants on notice of a potential claim under § 18.") (citing *Ross v. A.H. Robbins, Co.*, 607 F.2d 545, 557 (2d Cir. 1978)); *see also In re Bear Stearns Cos. Inc. Sec., Deriv., & ERISA Litig.*, 995 F. Supp. 2d 291, 308 (S.D.N.Y. 2014) (finding that § 10(b) claim did not toll § 18 claim). The facts required to be pleaded and proved in support of § 18 and § 10(b) claims are different, as are the burdens of proof. Specifically, to state a claim under § 10(b), plaintiffs must allege acts indicating an intent to deceive, manipulate or defraud. 15 U.S.C. § 78j. By contrast, a § 18 claim requires pleading actual reliance. 15 U.S.C. § 78r(a). Section 18's actual reliance requirement typically "precludes class-action treatment," and, therefore, "almost by definition, filing a § 10(b) class action does not put a defendant on notice that it will be called upon to defend a § 18 claim." *Children's Hosp. & Med. Ctr. Found. of Omaha v. Countrywide Fin. Corp.*, No. 11 Civ. 02056, 2011 WL 13220509, at *3 (C.D. Cal. Aug. 22, 2011).

Under § 10(b), a plaintiff must allege that a defendant acted in bad faith whereas under § 18 the burden shifts to the defendant to show good faith as an affirmative defense. 15 U.S.C. §§ 78j, 78r(a); *Special Situations Fund III, L.P. v. Am. Dental Partners, Inc.*, 775 F. Supp. 2d 227, 246 (D. Mass. 2011) (denying class action tolling as to the § 18 claim because "[a]mong other differences, a § 10(b) claim requires that a plaintiff prove that a defendant acted with scienter, while under § 18, the state of mind with which the defendant acted enters the case instead as a defense") (internal quotation marks omitted); *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, No. 5:02 Civ. 1105, 2003 WL 25861087, at *16 (N.D. Ohio June 4, 2003), *aff'd*, 413 F.3d 553 (6th Cir. 2005) (dismissing § 18 claim because it was "not sufficiently similar" to the § 10(b) claim asserted in the class complaint); *Lindner Dividend Fund, Inc. v. Ernst & Young*, 880 F. Supp. 49, 54-55 (D. Mass. 1995) (declining to apply *American Pipe* tolling to plaintiffs' § 18 claim because "[t]he facts required to be pleaded and proved under § 10(b) are significantly different

6

from the facts that give rise to § 18 claims"). Here, the Complaint alleges a claim under § 18(a), but the class action asserts only violations of § 10(b) and § 20(a). Because the legal standards for proving a § 18 violation differ significantly from those for proving a § 10(b) violation, a 10(b) class action does not necessarily put Defendants on notice of a § 18 claim. Accordingly, class action tolling does not apply, and the § 18 claim is dismissed.

### B.   Common Law Fraud

The Complaint states a claim for common law fraud. Under New York law[1], the elements of common law fraud consist of "a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 827 (2016) (alteration in original). Defendants challenge only the sufficiency of the Complaint's allegations of reliance.

"To plead a common law fraud claim under New York law, a 'plaintiff must allege facts to support the claim that it justifiably relied on the alleged misrepresentations.'" *SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Cos. LLC*, 829 F.3d 173, 177 (2d Cir. 2016) (quoting *ACA Fin. Guar. Corp. v. Goldman, Sachs & Co.*, 25 N.Y.3d 1043, 1044 (2015)). "In assessing the reasonableness of a plaintiff's alleged reliance, [courts] consider the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them." *Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 195 (2d Cir. 2003). Reasonable reliance is thus a "fact-

---

[1] New York law applies because both parties assume on this motion that it applies. *See Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017).

specific inquiry," *Glidepath Holding B.V. v. Spherion Corp.*, 590 F. Supp. 2d 435, 459 (S.D.N.Y. 2007), and "is therefore often not decided at the motion to dismiss phase of a litigation." *Karsch v. Blink Health Ltd.*, 291 F. Supp. 3d 503, 507 (S.D.N.Y. 2018).

The Second Circuit has not yet determined whether Rule 9(b)'s heightened pleading requirement applies to allegations of reliance in connection with a common law fraud claim. *SRM Glob. Master Fund Ltd. P'ship*, 829 F.3d at 177 n.4 ("Because the complaint fails to meet the *Twombly* pleading standard, we do not consider whether the stricter pleading requirements of Federal Rule of Civil Procedure 9(b) apply to the reliance element of [the plaintiff's] common law fraud claims."); *accord DoubleLine Capital LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393, 463 n.16 (S.D.N.Y. 2018). Courts in this District have held that a plaintiff asserting such a claim "must allege with particularity that it actually relied upon the [defendant's] supposed misstatements." *In re Bear Stearns*, 995 F. Supp. 2d at 312; *accord Ramiro Aviles v. S & P Glob., Inc.*, 380 F. Supp. 3d 221, 291 (S.D.N.Y. 2019).

The Complaint satisfies this reliance requirement. The Complaint alleges that Plaintiffs' investment team "read" or "reviewed" allegedly fraudulent materials and relied on those materials in choosing to purchase CBI stock. The Complaint alleges that prior to purchasing CBI common stock, "analysts at Gotham actually read, reviewed and relied on" CBI's 2013 Third Quarter Report and SOX certifications, 2013 Annual Report and Sox certifications, 2014 First Quarter Report and SOX certifications, 2014 Second Quarter Report and SOX certifications, 2014 Third Quarter Report and SOX certifications, as well as public statements made by the Individual Defendants concerning the progress of the Nuclear Projects, GAAP compliance and the adequacy of CBI's internal controls. Accordingly, the Complaint identifies "specific transactions" -- Plaintiff's investments in CBI common stock -- as well as specific reports and

statements on which they allegedly relied in entering into those transactions.  *Fir Tree Capital Opportunity Master Fund, L.P. v. Am. Realty Capital Props., Inc.*, No. 17 Civ. 4975, 2017 WL 10808809, at *5 (S.D.N.Y. Dec. 14, 2017) ("[P]laintiffs have specifically pled actual reliance . . . and identified specific purchases and statements upon which they relied."); *accord Aviles*, 380 F. Supp. 3d at 284.

This case is unlike *In re Bear Stearns*, where plaintiffs did not distinguish factual allegations supporting their common law fraud claims, alleged reliance on only one document and did not plead that they actually purchased any particular securities on any date in reliance on the alleged misstatement.  995 F. Supp. 2d at 313.  Here, the Complaint makes separate factual allegations in support of Plaintiffs' actual reliance, alleges reliance on multiple public filings and statements and alleges the purchase of securities from April 24, 2014, to January 29, 2015, in reliance on those misstatements.  Accordingly the motion to dismiss is denied as to the common law fraud claim.

IV.  **CONCLUSION**

For the foregoing reasons, Defendants' partial motion to dismiss is GRANTED as to the § 18 claim and DENIED as to the common law fraud claim.

The Clerk of Court is respectfully directed to close the motion at Docket Number 39 in 19 Civ. 9927 and Docket Number 45 in 19 Civ. 9928.

Dated: August 23, 2019
          New York, NY

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**