**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOTHAM DIVERSIFIED NEUTRAL MASTER FUND, LP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO BRIDGE & IRON COMPANY N.V., et al., <br><br> Defendants. | Docket No.: 1:18-cv-09927-LGS <br><br> SO ORDERED. <br><br> Dated: April 6, 2022 <br> New York, New York <br><br> *[signature]* <br> LORNA G. SCHOFIELD <br> UNITED STATES DISTRICT JUDGE |
| APPALOOSA INVESTMENT L.P. I., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO BRIDGE & IRON COMPANY N.V., et al., <br><br> Defendants. | Docket No.: 1:18-cv-09928-LGS |
| CB LITIGATION RECOVERY I, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHICAGO BRIDGE & IRON COMPANY N.V., et al., <br><br> Defendants. | Docket No.: 1:19-cv-01750-LGS |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into by and among (a) CB Litigation Recovery I, LLC, Gotham Diversified Neutral Master Fund, LP, Gotham Enhanced Long Master Fund, LP, Gotham Customized Strategies II, LP, Gotham Targeted Neutral Master Fund, LP, Gotham Penguin Fund, LP, Gotham Absolute Return Fund, Gotham Enhanced Return Fund, Gotham Neutral Fund, Gotham Hedged Value Strategies 115/65 (Master),

L.P., Gotham Hedged Value Strategies 140/40 (Master), L.P., Appaloosa Investment L.P. I, Palomino Fund Ltd. (collectively, "Plaintiffs"); (b) Defendants Chicago Bridge & Iron Company N.V. ("CBI"), Phillip Asherman, Westley Stockton, Ronald A. Ballschmiede ("Individual Defendants") (CBI and the Individual Defendants, collectively herein the "Defendants," and Plaintiffs and Defendants, collectively herein the "Parties"); and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto (a "Declaration") for the purpose of expediting voluntary production of documents, witness testimony, and other information (the "Production") in the above-captioned actions (the "Actions"). CBI, the Individual Defendants, and Plaintiffs are the "Parties" to this Order.

## <u>RECITALS</u>

WHEREAS, the Parties request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public information and competitively sensitive information produced by any Party or non-party in this litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, the receipt and sufficiency of which are hereby acknowledged, and to facilitate and expedite the production, exchange, and treatment of Production Material, to facilitate the prompt resolution of disputes over confidentiality, and to protect Production Material that a Party or non-party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1.     The Parties shall submit this Order to the Court for approval.

2.     The provisions of this Order shall become effective upon entry by the Court; however, all Production Material produced and designated as "Confidential" or "Confidential Attorney Eyes Only" prior to the entry of this Order by the Court shall be subject to, and governed by, the provisions of this Order as though it had been entered by the Court prior to such designation.

3.      All deadlines stated herein shall be computed pursuant to Rule 6 of the Federal Rules of Civil Procedure.

## SCOPE OF ORDER

4.      This Order applies to all information, documents, and things exchanged in connection with the Production, including but not limited to documents, information, and other things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Production Material").

5.      <u>Non-Party Productions</u>: The Parties agree that any Non-Party from whom discovery is sought in these Actions may obtain the protections of this Stipulation by giving written notice to the Parties that it intends to be bound by the provisions of this Stipulation and by designating its Production Material as "Confidential" or "Confidential Attorney Eyes Only." The subpoenaing or requesting party shall advise Non-Parties from whom they seek documents of the existence of this Stipulation and their right to obtain its protections. To the extent that any Non-Party produces Production Material in these Actions that contains Confidential Material or Confidential Attorney Eyes Only Material of a Party to these Actions, and it is not designated as such, that Party may designate such Production Material as "Confidential" or "Confidential Attorney Eyes Only" for purposes of this Stipulation by delivering written notice of such designation to the Parties.

## DESIGNATING PRODUCTION MATERIAL

6.      Any Party or non-party producing Production Material (a "Producing Person") may designate such Production Material as "Confidential" or "Confidential Attorney Eyes Only" ("Designated Material"). A Producing Person may designate Production Material as "Confidential" if such Producing Person believes in good faith (or with respect to documents

received from another person, has been reasonably advised by such other person) that such Production Material constitutes or includes information that is not generally available to the public and that the Producing Person would not want to be made public in the ordinary course of his, her, or its activities, and that contains (i) a Producing Person's current commercially sensitive, proprietary, or trade secret information; (ii) compensation information about the Producing Person's employees unless publicly disclosed; (iii) information related to the Producing Person's contractual relationships; (iv) information that is subject by law or by contract to a legally protected right of privacy or confidentiality; (v) information that the Producing Person is under a preexisting obligation to a third-party to treat as confidential; or (vi) information that the Producing Person has in good faith been requested by another Party or non-party to so designate on the grounds that such other Party or non-party considers such material to contain information that is confidential or proprietary to such Party or non-party. Any Production Material so designated shall constitute Confidential Material. A Producing Person may designate Production Material as "Confidential Attorney Eyes Only" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Production Material constitutes or includes information that is not generally available to the public and that the Producing Person would not want to be made public in the ordinary course of his, her, or its activities, and that contains any (i) financial account information; (ii) social security numbers, bank account numbers, or credit card numbers, or other sensitive personal information; or (iii) information that is of such a nature that disclosure to persons other than those listed in Paragraph 11 would create a substantial risk of economic or commercial injury that could not be avoided by any means less restrictive than further limiting disclosure to the persons

identified in Paragraph 12. Any Production Material so designated shall constitute Confidential Attorney Eyes Only Material. In addition to the above, a Producing Person or Designating Person may, at any time, seek agreement or move for a further order that additional, specific documents may be produced on a "Confidential Attorney Eyes Only" basis. The Parties intend the "Confidential Attorney Eyes Only" designation to be used only in limited circumstances that they believe in good faith justify this additional restriction, and that it not be used as a blanket designation.

7.      Any Party or Non-party ("Designating Party") may designate Production Material as Confidential Material or Confidential Attorney Eyes Only Material subject to the terms of this Order.

8.      <u>Undesignated Material</u>: Subject to the rights and obligations of the Parties under Paragraphs 10 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Production Material that is not Designated Material (such Production Material, referred to herein as "Undesignated Material").

9.      <u>Manner of Designation</u>: Where reasonably practicable, any Designated Material shall be designated by the Producing Person as such by marking every such page "Confidential" or "Confidential Attorney Eyes Only" as appropriate. Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such material is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Confidential" or "Confidential Attorney Eyes Only" by informing any person who receives such material, including persons who do not directly receive materials from the Producing Person ("Receiving Person"), in writing in a clear and conspicuous manner at the time of production of such material that such material is

designated as "Confidential" or "Confidential Attorney Eyes Only." Deposition transcripts and associated exhibits shall be treated as Confidential Material for fifteen (15) days after receipt of the final deposition transcript, during which time the deponent or any Party may in writing formally designate by page and line number, or exhibit number, any portions thereof for continued treatment as Confidential Material or Confidential Attorney Eyes Only Material. A party also may designate information disclosed at a deposition as Confidential or Confidential Attorney Eyes Only by requesting that the court reporter so designate the transcript or any portion of the transcript at the time of the deposition.

10.    <u>Inadvertent Failure To Designate</u>: A Producing Person's failure to designate any Production Material as "Confidential" or "Confidential Attorney Eyes Only" shall not be deemed a waiver of that Producing Person's later claim that such Production Material should be Designated Material or is entitled to another designation pursuant to this Order ("Misdesignated Material") at any time thereafter, and may be corrected by supplemental written notice. Upon the Producing Person's identification of such Misdesignated Material to the Receiving Person, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Person of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly designated copies of such Production Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Person(s) shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. Upon the Producing Person's identification of such Misdesignated Material to the Receiving Person, pending the provision of such replacement copies, the Receiving Person shall treat the Misdesignated Material as if it were Designated Material in accordance with the request of the Producing

Person, provided that the Producing Person provides such replacement copies within ten (10) business days of the identification of the Misdesignated Material. If requested by the Producing Person, a Receiving Person shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material.

## **USE AND DISCLOSURE OF DESIGNATED MATERIAL**

11.     <u>General Limitations On Use and Disclosure of All Production Material</u>: All Production Material, whether Designated or Undesignated Material, shall be used by the Receiving Persons solely for the purposes of the preparation, trial, and appeal of these Actions, and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and shall not be used for any other purpose, either directly or indirectly, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

12.     <u>Persons Who May Have Access to Confidential Material</u>: Confidential Material, and any information contained therein, shall be given, shown, made available, or communicated to only the following individuals, provided that such individuals are informed of the terms of this Order:

a.     The Parties to this proceeding who are individuals, or for Parties who are entities, their officers, directors, and employees whose assistance is necessary to the litigation and who require access to the Confidential Material for the purpose of these Actions;

b.     In-house counsel who are involved in managing and overseeing these Actions for Plaintiffs or Defendants;

c.     Outside counsel in these Actions for Plaintiffs or Defendants;

d.      Direct supporting personnel of (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and litigation support personnel;

e.      Third-party experts or consultants (and their respective direct support personnel) that are retained by a signatory to this Order, and who have signed a Declaration in the form provided as Exhibit A;

f.      Any person who is the author, addressee or recipient of the document, or in the case of meeting minutes, an attendee of the meeting listed in the minutes, and who has signed a Declaration in the form provided as Exhibit A hereto;

g.      Deposition and trial witnesses and their counsel during the course of depositions or testimony in these Actions;

h.      Deposition and trial witnesses and their counsel in preparation for depositions or testimony in these Actions where a Party's counsel in good faith determines that (i) the Confidential Material is necessary to the anticipated subject matter of testimony and (ii) disclosing the Confidential Material to that witness would not cause competitive harm; provided, however, that such Confidential Material can be shared with such person only in connection with preparation for the anticipated testimony, and the persons identified in this paragraph will not be permitted to retain copies of such Confidential Material and shall be required to sign a Declaration in the form provided as Exhibit A;

i.      Outside photocopying, graphic production services, or litigation support services (*e.g.*, e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with the Actions and who have signed a Declaration in the form provided as Exhibit A hereto;

j.      Mediators, arbitrators, or discovery masters retained by the Parties or assigned by this Court, and their direct support personnel;

k.      Court reporters, stenographers, or videographers who record deposition or other testimony in connection with these Actions; The Court, its officers, and its clerical staff in any judicial proceeding that may result from these Actions;

l.      Insurers of any Party to these Actions and insurers' counsel; and

m.      Any other person or entity that the Designating Person agrees, in writing, to allow access so long as such person or entity has signed a Declaration in the form provided as Exhibit A hereto.

13.     <u>Persons Who May Have Access to Confidential Attorney Eyes Only Material</u>: Confidential Attorney Eyes Only Material, and any information contained therein, shall be given, shown, made available, or communicated only to the following:

a.      In-house counsel involved in managing and overseeing these Actions for Plaintiffs or Defendants;

b.      Outside counsel in these Actions for Plaintiffs or Defendants;

c.      Direct supporting personnel of (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and e-discovery personnel;

d.      Third-party experts or consultants (and their respective direct support personnel) that are retained by a signatory to this Order, and who have signed a Declaration in the form provided as Exhibit A;

e.      Deposition and trial witnesses and their counsel during the course of depositions or testimony in these Actions;

f.      Deposition and trial witnesses and their counsel in preparation for depositions or testimony in these Actions where a Party's counsel in good faith determines that (i) the Confidential Attorney Eyes Only Material is necessary to the anticipated subject matter of testimony and (ii) disclosing the Confidential Attorney Eyes Only Material to that witness would not cause competitive harm; provided, however, that such Confidential Attorney Eyes Only Material can be shared with such person only in connection with preparation for the anticipated testimony, and the persons identified in this paragraph will not be permitted to retain copies of such Confidential Attorney Eyes Only Material and shall be required to sign a Declaration in the form provided as Exhibit A;

g.      Outside photocopying, graphic production services, or litigation support services (*e.g.*, e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with the Actions and who have signed a Declaration in the form provided as Exhibit A hereto;

h.      Mediators, arbitrators, or discovery masters retained by the Parties or assigned by this Court, and their direct support personnel;

i.      Court reporters, stenographers, or videographers who record deposition or other testimony in connection with these Actions;

j.      The Court, its officers, and its clerical staff in any judicial proceeding that may result from these Actions;

k.      Counsel for insurers of any Party to these Actions; and

l.      Any other person or entity that the Designating Person agrees, in writing, to allow access so long as such person or entity has signed a Declaration in the form provided as Exhibit A hereto.

14.     <u>Designated Material to Be Disclosed Only In Accordance With Paragraphs 11 and 12</u>: Except as otherwise expressly provided herein, Confidential Material or Confidential Attorney Eyes Only Material, and the substantive information contained therein, shall not be given, shown, made available, disclosed, or communicated in any way except to those people set forth in Paragraphs 11 and 12 herein.

15.     <u>Prerequisite to Disclosure of Designated Material</u>: Designated Material shall not be disclosed to any person required hereunder to execute a Declaration in order to receive Designated Material until such person or their representative shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as Exhibit A hereto. Each such Declaration shall be retained in the files of counsel for the Party who has given such access to the Designated Material. Such executed Declaration shall not be subject to disclosure under the Federal Rules unless a showing of good cause is made and the Court so orders.

16.     <u>Use by Additional Parties</u>: Except as otherwise provided in this Order, in the event that additional persons or entities become Parties to the Actions, neither their outside counsel nor experts or consultants retained to assist said counsel shall have access to Designated Material produced by or obtained from any other Producing Person until said party has executed and filed with the Court a copy of this Stipulation.

17.     <u>Non-Waiver of Rights</u>: Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-party of any objection, including, but not limited to, any

objection concerning the confidential or proprietary nature of any documents, information, or data produced by a Party or non-party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

18.     Late Designation of Production Material: The failure to designate particular Production Material as "Confidential" or "Confidential Attorney Eyes Only" at the time of production shall not operate to waive a Designating Person's right to later so designate such Production Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Production Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Production Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-party that failed to make the designation.

19.     Unauthorized Disclosure of Designated Material: In the event of a disclosure by a Receiving Person of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Person making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; (ii) immediately make reasonable efforts to recover the disclosed Designated

Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) immediately notify the Designating Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof. In the event of the above-described unauthorized disclosure by a Receiving Person who is not a Party to the Actions, the Party recipients who provided the non-party Receiving Person the Designated Material shall, upon learning of the disclosure, immediately notify the Designating Person of the unauthorized disclosure of Designated Material. The Party recipients of Designated Material shall hold primary responsibility for unauthorized disclosures by Receiving Persons who are under their control, including but not limited to Receiving Persons who are employees, agents, and contractors of the Party recipients.

20.     <u>Manner of Objecting to Designated Material</u>: If any Receiving Person (i) objects to the designation of any Designated Material or (ii) seeks to disclose Designated Material to a person not specified in Paragraphs 11 or 12 because outside counsel for the Receiving Person has determined, in good faith, that such disclosure is necessary for the prosecution or defense of these Actions, the Receiving Person shall first raise the objection (the "Objection") or request for disclosure (the "Request for Disclosure") with the Designating Person in writing (the "Notice") and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. In the case of a Request for Disclosure, the Receiving Person shall furnish to outside counsel for the Producing Person, in writing, the identity of the person to whom disclosure is to be made (the "Noticed Person") and the Designated Material proposed to be disclosed. No designation shall be changed, and no Designated Material shall be disclosed to the Noticed Person,

until after the expiration of a five (5) business day period commencing upon the date of the Notice. If, within five (5) business days of the date of the Notice, the Designating Person objects in writing and with an explanation of the basis for such objection, the Designating Person and Requesting Party shall then have three (3) additional business days after an objection is raised to use good faith efforts to reach an agreement regarding the challenged designation or proposed disclosure. If agreement cannot be reached, the Receiving Party may apply to the Court for relief within five (5) business days after the expiration of the above referenced three (3) business day period and the burden of proof shall rest with the Designating Person. Until the Court rules on such issue or the Designating Person agrees in writing to withdraw the challenged designation or allow disclosure to the Noticed Person, the Designated Material shall continue to be treated as designated. Upon motion, the Court may order the removal of the "Confidential" or "Confidential Attorney Eyes Only" designation from any Production Material so designated subject to the provisions of this Order. With respect to any material that ceases to be designated "Confidential" or "Confidential Attorney Eyes Only," the Designating Person shall bear the expense of providing to each Party to whom the material has been provided additional copies of such material with the challenged confidentiality designations removed.

21.    Timing of Objections to Designated Material: A Receiving Person shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Designating Person of Production Materials as "Confidential" or "Confidential Attorney Eyes Only" during the discovery period shall not be a waiver of that Person's right to object.

22.     <u>Production of Privileged Production Material</u>: If Production Material subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, work product doctrine, common interest privilege, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege ("Protected Materials") is produced by a Producing Person, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the Production Material is privileged or otherwise protected from disclosure, and the Receiving Person may not argue that the party producing the protected information failed to take reasonable steps to prevent production of the privileged materials in support of an argument that any privilege has been waived. If production of Protected Materials is made by a Producing Person, upon request of the Producing Person, the Receiving Person shall promptly return to the Producing Person that Production Material (and all copies thereof) within its possession, custody, or control as to which the claim of privilege has been made. In addition, the Receiving Person shall destroy all notes or work product reflecting the contents of such Production Material made after notification of the claim of privilege, and shall not use such Production Material, or the information contained therein, for any purpose in these Actions or in any other proceeding; provided that, in the event the Receiving Person objects to any such privilege claim, counsel for the Receiving Person shall be permitted, in lieu of destroying any notes or work product reflecting the contents of such Production Material, to set aside such materials in a secure place and manner that prevents (or, if applicable, redact such materials in a manner that prevents) the purportedly privileged information from being further disclosed or reviewed until the Receiving Person and Producing Person resolve the privilege claim or the Court issues a ruling on the privilege claim. Nothing in this paragraph shall increase or diminish the rights of a Party or non-party to contest, or change the manner in which such Party or non-party may contest, any privilege claim to the

extent and in the manner permitted by law. Pursuant to Federal Rule of Evidence 502(d), the provisions of this paragraph shall apply in this case, as well as in any other Federal or State proceeding.

      23.    <u>Use of Non-Confidential Material</u>: To the extent that any Party has any document or information that: (i) either is or becomes generally or publicly available and that did not become generally or publicly available by being disclosed in breach of this Order; (ii) was available or became available to a Party on a non-confidential basis not in violation of its obligations hereunder or an obligation of confidentiality to any other person; (iii) was independently developed by such Party without violating its obligations hereunder; (iv) is published or became publicly available in a manner that is not in violation of this Order; (v) the Producing Person notifies the Receiving Person in writing such document or information is not Confidential Material; (vi) the Receiving Person objected, pursuant to paragraph 18, to the Producing Person's designation of that document or information as Confidential Material, and the Producing Person then failed to timely respond and object in writing with an explanation of the basis for such objection as required by Paragraph 19; or (vii) is determined by a court of competent jurisdiction to not be entitled to the protections of Designated Material (collectively "Non-Confidential Material"), nothing in this Order shall limit a Party's ability to use Non-Confidential Material in a deposition, hearing, trial, or otherwise in connection with these Actions. Nothing in this Order shall affect the obligation of any Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to these Actions.

24.     Designated Material Filed With the Court: If any document to be filed with this Court contains "Confidential" or "Confidential Attorney Eyes Only" information, the Party seeking to file that document must first comply with Rule I.D.3 of Judge Schofield's Individual Rules and Procedures for Civil Cases.

25.     Obligations Following Conclusion of Proceedings: The provisions of this Order shall continue with respect to any "Confidential" or "Confidential Attorney Eyes Only" information until expressly released by the Producing Person and shall survive the conclusion of a final order or judgment in the Actions. Within ninety (90) days of the later of (i) entry of a final order or judgment in these Actions, or (ii) following any appeal of a final order and judgment, determination by the highest court to consider such appeal to affirm such final order and judgment, all Parties and non-parties shall take all commercially reasonable steps to return to counsel for the respective Producing Person, or to destroy, all Designated Material, and all copies or notes thereof in the possession of any person, except that: (i) counsel may retain for its records their work product and a copy of court filings; and (ii) a Receiving Person may retain Designated Material that is auto-archived or otherwise backed up on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided however, that such retained documents shall continue to be treated as provided in this Order. If a Receiving Person chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Person shall, if requested, verify such destruction in writing to counsel for the Producing Person. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

26.     <u>Amendment of Confidentiality Agreement and Stipulated Protective Order</u>:
This Order may be altered or modified only by written agreement of all Parties to the Actions
or by order of the Court. Each of the Parties expressly reserves its right to seek further
amendment to this Order to the extent that a Producing Person determines that information
requires additional, different, or heightened protection.

27.     <u>Request For Disclosure of Designated Material In Other Proceedings</u>: Any
Receiving Person may disclose Designated Material if such disclosure is pursuant to legal
compulsion or required by a duly empowered governmental, regulatory, or supervisory agency
or authority or court of competent jurisdiction to the extent such disclosure is required by a valid
law, rule, regulation, or court order, and notice is given by the Receiving Person to the Producing
Person of any such requirement (except in connection with any regulatory examination) within
three (3) business days of any such requirement so that the Producing Person may seek a
protective order or other appropriate remedy. Such notification shall include a copy of the
subpoena or court order. The Receiving Person must promptly notify in writing the entity that
caused the subpoena or order to issue in the other proceeding that some or all of the material
covered by the subpoena or order is subject to this Order. If the Producing Person timely seeks a
protective order, the Receiving Person served with the subpoena or court order shall not produce
any information designated in these Actions as "Confidential" or "Confidential Attorney Eyes
Only" before a determination by the body from which the subpoena or order issued, unless the
Party has obtained the Producing Person's permission. The Producing Person shall bear the
burden and expense of seeking protection in that court of its Designated Material and nothing in
these provisions should be construed as authorizing or encouraging a Receiving Person in these
Actions to disobey a lawful directive from another duly empowered governmental, regulatory,

or supervisory agency or authority or court of competent jurisdiction. In the event that such protective order or other remedy is not obtained, or the Producing Person waives compliance with the provisions of this Order, the Receiving Person shall furnish only that portion of the Designated Material which, upon the advice of its counsel, is legally required and will exercise reasonable efforts to obtain assurances that confidential treatment will be accorded that Designated Material. Notwithstanding the foregoing, no Receiving Person shall be obligated to provide the Producing Person any notice of any anticipated disclosure if such notice is prohibited by law.

28.     Storage of Designated Materials: All information which has been designated as "Confidential" or "Confidential Attorney Eyes Only" by the Producing Person, and any and all reproductions of that information, must be retained in the custody of the counsel for the Producing Person, except that independent experts who execute a Declaration, in the form provided as Exhibit A hereto, are authorized to view such information under the terms described in Paragraphs 11 and 12 of this Order and may retain custody of the copies for the pendency of these Actions such as are necessary for their participation in this litigation.

29.     Use of Designated Material By Producing Person: Nothing in this Order: (i) affects the right of any Producing Person to use or disclose its own Designated Material in any way; or (ii) prevents the disclosure of Designated Material by any Party with the express written consent of the Designating Person that designated the material as "Confidential" or "Confidential Attorney Eyes Only."

30.     Objections to Discovery: Nothing in this Order shall be deemed to prevent a Party or non-party from objecting to discovery or seeking additional or further limitations on the use or disclosure of information in discovery.

31.     Obligations of Parties: Nothing in this Order shall relieve a Party of its obligations under the Federal Rules, the Local Rules, or any future stipulations and orders.

32.     Advice of Counsel: Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their respective clients in connection with the Actions, and in the course thereof, relying on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

33.     Prior Agreements: The Parties agree that the provisions and requirements set forth in this Order supersede all prior confidentiality agreements with respect to Production Material.

34.     Severability: To the extent any provision of this Order is determined to be illegal or otherwise unenforceable, such determination shall not affect the enforceability of the remaining terms of this Order.

35.     Enforcement: The provisions of this Order constitute an Order of this Court, and violation of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other order of the Court. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt or disregard on this Order.

36.     Authority: By signing below, the signatory represents that he or she has the authority to sign this Order on behalf of the Party indicated below and bind it to the terms of this Order.

37.     The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

By:*/s/ Brandon Fierro (as authorized)*____

Date:__April 5, 2022_

**ROLNICK KRAMER SADIGHI LLP**

Lawrence M. Rolnick

Marc. B. Kramer

Richard A. Bodnar

Brandon Fierro

Jennifer A. Randolph

1251 Avenue of the Americas FL 18

New York, New York 10020

(212) 597-2815

lrolnick@ rksllp.com

mkramer@rksllp.com

bfierro@rksllp.com

jrandolph@rksllp.com

*Counsel for Plaintiffs*

By:__/s/ David D. Sterling_____

Date: ___April 5, 2022_

**BAKER BOTTS L.L.P.**

Brian C. Kerr

30 Rockefeller Plaza

New York, New York 10112

(212) 408-2543

David D. Sterling (*pro hac vice*)

Amy Pharr Hefley (*pro hac vice*)

910 Louisiana Street

Houston, TX 77022

(713) 229-1946

david.sterling@bakerbotts.com

amy.hefley@bakerbotts.com

*Counsel for Defendants Chicago Bridge and Iron, Philip K. Asherman, Westley S. Stockton, and Ronald A. Ballschmiede*

**Exhibit A**

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____ declare under penalty of perjury (this "Declaration") that:

1.      My address is _____

2.      My present employer is _____

3.      My present occupation or job description is_____

4.      I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order for Discovery (the "Order") relating to the Actions, *CB Litigation Recovery I, LLC v. Chicago Bridge & Iron Company N.V.*, et al., Case No. 1:19-CV-01750 (S.D.N.Y.), *Gotham Diversified Neutral Master Fund, LP, et al. v. Chicago Bridge & Iron Company N.V., et al.*, Case No. 1:18-CV-9927 (S.D.N.Y.), and *Appaloosa Investment L.P.I., et al. v. Chicago Bridge & Iron Company N.V., et al.*, Case No. 1:18-CV-9928 (S.D.N.Y.) (the "Actions"), as specified in the signature pages of the Order. All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Designated Material for any purpose other than these Actions, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material. I agree to be bound by the terms and conditions of the Order.

5.      I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Materials, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.       I acknowledge and agree that I am aware that by receiving Designated Material (a) I may be receiving material non-public information about companies that issue securities and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.       I understand that my failure to abide by the terms of the Order entered in the Actions will subject me, without limitation, to sanctions or penalties for contempt of Court and other remedies as the Court may deem appropriate.

8.       I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Date: _____ 20 _____

Signature:

_____

Print Name and Title, if any:

_____

_____